**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARLOS ORLANDO RAMON QUEZADA,<br><br>*Petitioner,*<br><br>v.<br><br>J.L. JAMISON, et al.,<br><br>*Respondents.* | CIVIL ACTION<br><br>NO. 26-7837 |

**ORDER**

**AND NOW**, this 27th day of October, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 6), it is hereby **ORDERED** that the Petition is **DENIED** without prejudice.[1]

---

[1] Petitioner Carlos Orlando Ramon Quezada is a citizen of Ecuador who entered the United States without inspection approximately seven years ago. (Pet. ¶ 1, 13, 31, Dkt. No. 1). On October 11, 2026, ICE agents arrested and transported Quezada to the Philadelphia Detention Center. (*Id.* ¶ 3–4; Gov't Resp. in Opp'n at 5, Dkt. No. 6.) On October 15, ICE relocated Quezada to the Pike County Correctional Facility, where he remains detained under 8 U.S.C. § 1226(a). (Gov't Resp. in Opp'n at 5, 6.)

Quezada filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, the Fifth Amendment, and federal regulations. (Pet. at 12–16.) He seeks an order declaring his detention unlawful, his immediate release and preventing his removal from this jurisdiction. (*Id*. at 16–17.) He argues that he need not exhaust the administrative remedies under 8 U.S.C. § 1226(a). (Pet. ¶ 23.) The Government argues that Quezada is lawfully detained under § 1226(a) and must exhaust his administrative remedies. (Gov't Resp. in Opp'n at 6.)

Petitioners "are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases). Exhaustion may be excused if an attempt to obtain relief would be futile. *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010). A futile argument is not the same, however, as one that would likely fail if it had been raised. *See Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (collecting cases).

Quezada requested a bond hearing. (Gov't Resp. in Opp'n at 7; *see also* Form I-286 at 2, Dkt. No. 6-1.) Until he proceeds with his administrative review, "the merits of [his] claims that he is being held in violation of federal law are [not] ripe for review." *Ubaid*, 2026 WL 1346670, at *3; *Doe v. Jamison*, No. 26-1906, 2026 WL 916568, at *4 n. 36 (E.D. Pa. Mar. 31, 2026) (holding that due process claims are not ripe for review until and unless the petitioner fully exhausts the administrative process); *Zapata-Vargas v. Blanche*, No. CV 26-6691, 2026 WL 2906208, at *2 (E.D.

The Clerk of Court shall **CLOSE** the case.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

Pa. Sept. 28, 2026) ("Petitioner has not exhausted his administrative remedies and his Petition is therefore not ripe for review by this Court."); *Lacruz Rondon v. Jamison*, No. 26-CV-07230, 2026 WL 2969105, at *3 (E.D. Pa. Oct. 2, 2026) (collecting cases and holding that "the merits of the Petition are 'not ripe for review' by this Court because Petitioner has failed to exhaust his administrative remedies").